**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOHN DOE,[1] | DOCKET NUMBERS |
| Appellant, | PH-1221-17-0223-W-1 |
| | PH-1221-17-0449-W-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: July 30, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Chungsoo J. Lee, Jenkintown, Pennsylvania, for the appellant.

Marcus S. Graham, Esquire, Pittsburgh, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

---

[1] The Board finds it appropriate to grant the appellant's request for anonymity in these matters. Accordingly, these matters have been recaptioned as "John Doe." Additionally, the initial decision in these joined matters has been recaptioned as "John Doe" and references to the appellant's name in the initial decision have been changed to "John Doe."

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in her joined individual right of action (IRA) appeals. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this joined appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the initial decision, except as expressly MODIFIED by this Final Order to clarify the administrative judge's analysis of the following issues: (1) whether five allegedly protected disclosures raised in a prior IRA appeal could be considered in these joined appeals, and (2) whether an agency official with knowledge of the appellant's alleged disclosures improperly influenced the selecting official for vacancy announcement number 1588576. We VACATE the administrative judge's dismissal of the request for corrective action, as dismissal is inappropriate where the appeal is denied on the merits.

**BACKGROUND**

In September 2010, the appellant resigned from her position as a Registered Nurse (RN) at the agency's Togus Veterans Affairs Medical Center (VAMC) in Augusta, Maine. *Doe v. Department of Veterans Affairs*, MSPB Docket No. PH-

1221-17-0223-W-1, Initial Appeal File (0223 IAF), Tab 56 at 202. In May 2014, the agency appointed the appellant to an RN position at its Manchester VAMC in Manchester, New Hampshire. 0223 IAF, Tab 53 at 7. In October 2014, the appellant's first-level supervisor requested that a nurse professional standards board (NPSB) be convened to conduct a summary review of the appellant's employment during her probationary period, and in November 2014, the NPSB recommended that the appellant be separated from the agency during her probationary period. 0223 IAF, Tab 5 at 18-19, Tab 53 at 7, Tab 56 at 72-73. The Manchester VAMC director approved the NPSB's recommendation and terminated the appellant, effective November 28, 2014. 0223 IAF, Tab 53 at 7.

In December 2016, the appellant filed a complaint with the Office of Special Counsel (OSC) in which she alleged that the agency had forced her to resign in September 2010, terminated her in November 2014, and failed to select her for 15 positions in retaliation for her disclosures of fraud, waste, abuse of authority, and violations of law. 0223 IAF, Tab 1 at 9-30. On March 24, 2017, OSC informed the appellant that it had terminated its inquiry into her allegations regarding the agency's alleged prohibited personnel practices and notified her of her right to seek corrective action from the Board. *Id.* at 31-32. On March 30, 2017, the appellant timely filed a Board appeal from OSC's determination and requested a hearing. 0223 IAF, Tab 1.

Also in March 2017, the appellant filed an OSC complaint in which she alleged that the agency had failed to select her for two additional positions in retaliation for her whistleblowing activities. 0223 IAF, Tab 40 at 13-38. On August 31, 2017, OSC informed the appellant that it had closed its file regarding her complaint. *Doe v. Department of Veterans Affairs*, MSPB Docket No. PH-1221-17-0449-W-1, Initial Appeal File (0449 IAF), Tab 1 at 18. On September 20, 2017, the appellant timely filed a Board appeal from OSC's determination and requested a hearing. 0449 IAF, Tab 1. The administrative judge joined the two pending Board appeals. 0223 IAF, Tab 36, Tab 61 at 1-2.

After holding a 3-day hearing regarding the joined appeals, the administrative judge issued an initial decision denying the appellant's request for corrective action. 0223 IAF, Tab 93, Initial Decision (ID). The administrative judge found that the appellant had exhausted her administrative remedies before OSC with respect to 17 nonselections for positions advertised under the following vacancy announcement numbers: 1176898, 1182148, 1213402, 1221475, 1223829, 1293297, 1305865, 1307416, 1325763, 1338682, 1343574, 1588576, 1600422, 1606485, 1652067, 1704268, and 1711692. ID at 3, 13-14. The administrative judge also found that the appellant had alleged that she made 28 disclosures; however, only 15 reasonably could be interpreted to constitute a disclosure. ID at 7-12. According to the administrative judge, even assuming that the remaining 15 disclosures were protected, the appellant could not show that the disclosures were a contributing factor in the 17 nonselections. ID at 12-30. Accordingly, the administrative judge denied the appellant's request for corrective action and dismissed the appeals. ID at 29-30.

The appellant has timely filed a petition for review, and the agency has filed an opposition to the petition. *Doe v. Department of Veterans Affairs*, MSPB Docket No. PH-1221-17-0223-W-1, Petition for Review (PFR) File, Tabs 1, 3. As set forth below, we find the appellant's arguments on review to be without merit.

## DISCUSSION OF ARGUMENTS ON REVIEW

In order to establish a prima facie case of reprisal for whistleblowing under the Whistleblower Protection Enhancement Act of 2012 (WPEA),[3] the appellant

---

[3] In adjudicating this matter, the administrative judge applied the WPEA. ID at 4. She did not address that several of the appellant's allegedly protected disclosures occurred prior to the WPEA's effective date of December 27, 2012; however, we find that the WPEA applies to these joined appeals. Pub. L. No. 112-199, § 202, 126 Stat. 1465, 1476. The Board has held that, when the appellant's protected activity occurred before but the relevant personnel actions occurred after the WPEA's effective date, the WPEA should be applied because the agency knew of the parties' rights, liabilities, and duties under the WPEA when it acted. *Pridgen v. Office of Management and Budget*,

must prove by preponderant evidence that: (1) she made a disclosure protected under 5 U.S.C. § 2302(b)(8) or engaged in activity protected under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) that the protected disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).[4]  5 U.S.C. § 1221(e)(1); *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 6 (2015).  If the appellant makes out a prima facie case, then the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure or activity.  5 U.S.C. § 1221(e)(2); *Webb*, 122 M.S.P.R. 248, ¶ 6.

---

2022 MSPB 31, ¶¶ 50-51.  Here, although some of the alleged disclosures occurred prior to the WPEA's effective date, each of the nonselections at issue occurred after the effective date, thus the WPEA should be applied in this matter.

Additionally, during the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017.  Section 1097 of the NDAA amended various provisions of Title 5 of the U.S. Code.  Our decision to affirm this appeal would be the same under both pre- and post-NDAA law.

[4] The administrative judge did not explicitly find that the appellant established jurisdiction in this matter.  In her initial decision, the administrative judge found that the appellant had exhausted her administrative remedies before OSC and that 15 incidents reasonably could be interpreted to constitute a disclosure.  ID at 3-12.  In holding a hearing, the administrative judge implicitly found that the appellant made a nonfrivolous allegation that she made protected disclosures that were a contributing factor in the nonselections at issue.  *See Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 15 (2015) (finding that, because the administrative judge held a hearing, he implicitly found that the appellant had established jurisdiction).  On review, neither party challenges the administrative judge's implicit conclusion that the appellant established the Board's jurisdiction over this matter, nor do we discern a reason to disturb it.  *See Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016) (holding that, to establish Board jurisdiction over an IRA appeal brought pursuant to the WPEA, the appellant must exhaust her administrative remedies before OSC and make nonfrivolous allegations that: (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the protected disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A)).

The administrative judge found that, of the 28 disclosures that the appellant alleged were protected, only 15 could be reasonably interpreted to constitute a disclosure. ID at 7-12; *see* 0223 IAF, Tab 1 at 24-27; 0449 IAF, Tab 1 at 5-7. As discussed below, the administrative judge properly found that the appellant was precluded from raising three claims of whistleblower reprisal in the instant case. The administrative judge incorrectly found that the appellant was precluded from raising five additional alleged disclosures in this case; however, the appellant did not show that four of the alleged disclosures were protected and did not exhaust administrative remedies with respect to one of the alleged disclosures. We agree with the administrative judge that five other alleged disclosures were not protected. Finally, the administrative judge correctly found that the appellant did not show that the remaining 15 allegedly protected disclosures were a contributing factor in the 17 nonselections at issue.

<u>The administrative judge correctly found that only 15 of the appellant's 28 alleged disclosures could constitute disclosures.</u>

*The administrative judge correctly found that the appellant was precluded from raising three claims she raised in a prior IRA appeal.*

On review, the appellant alleges that the administrative judge ignored facts demonstrating that she made protected disclosures. PFR File, Tab 1 at 14. In large part, however, the appellant merely restates on review that the disclosures that she alleged below were protected and does not identify specific errors in the administrative judge's reasoning that 13 alleged disclosures could not be considered by the Board or were not protected. 0223 IAF, Tab 51 at 8-12; PFR File, Tab 1 at 10-15.

We have reviewed the administrative judge's findings regarding the appellant's allegedly protected disclosures and agree that the appellant was precluded from raising three claims in the instant case. ID at 2 nn.1-2, 8. The administrative judge found that the appellant alleged that her September 2010 resignation, the October 2014 convention of an NPSB, and her November 2014

probationary termination constituted protected disclosures, but that none of the three incidents are disclosures protected under 5 U.S.C. § 2302(b)(8) or activity protected under the applicable provisions of 5 U.S.C. § 2302(b)(9). ID at 7-8.

Moreover, as explained by the administrative judge, to the extent that the appellant alleges that these three incidents constitute personnel actions that the agency took in retaliation for the protected disclosures raised in her prior OSC complaints, the appellant is precluded from raising them in the instant proceedings. 0223 IAF, Tab 18, Tab 61 at 1-2, ID at 2 nn.1-2, 8. In a prior IRA appeal, the appellant alleged that the three above-referenced actions occurred in retaliation for disclosures that are identical to those raised in the instant appeal. *Compare Doe v. Department of Veterans Affairs*, MSPB Docket No. PH-1221-17-0115-W-1, Initial Appeal File (0115 IAF), Tab 1 at 8-12, 17-19, *with* 0223 IAF, Tab 1 at 24-27. In the prior IRA appeal, the appellant acknowledged that her appeal was untimely, and the administrative judge assigned to the case dismissed it as untimely filed; this initial decision became final on February 9, 2017, when neither party appealed it.[5] 0115 IAF, Tab 4 at 3-4, Tab 9. Here, the appellant does not challenge the administrative judge's finding that the appellant is precluded from relitigating these three claims in the instant case, and we discern no reason to disturb it. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

---

[5] The appellant also appeared to admit that an appeal of her September 2010 resignation was precluded by a December 2010 settlement agreement. 0115 IAF, Tab 4 at 3; *see* 0223 IAF, Tab 17 at 15-16. Because we agree with the administrative judge that the appellant is precluded from relitigating the September 2010 resignation in the instant appeal based on her prior IRA appeal, we do not make any findings regarding whether the appellant is precluded from appealing the resignation under the settlement agreement.

*The administrative judge incorrectly found that the appellant was precluded from raising five alleged disclosures in the instant case; however, the appellant did not show that four of the alleged disclosures were protected and did not exhaust administrative remedies with respect to the remaining alleged disclosure.*

The administrative judge found that the appellant alleged that certain communications with OSC were protected, including the following: OSC's issuance of an October 2014 preliminary determination regarding a prior whistleblower retaliation claim; her disclosure to OSC in November 2014 that she had been terminated in retaliation for whistleblowing; OSC's issuance of a November 2014 closure notice regarding a prior OSC complaint; and OSC's issuance of a January 2015 determination letter regarding a prior OSC complaint. 0223 IAF, Tab 1 at 26-27; ID at 8. The administrative judge incorrectly stated that the appellant could not raise these disclosures in the instant matter because they were raised in the prior IRA appeal that was dismissed as untimely. ID at 8. We modify the initial decision to find that, to the extent that the appellant is alleging that these allegations reflect that she made a protected disclosure that was a contributing factor in a personnel action not previously adjudicated by the Board, such as the 17 nonselections at issue here, she is raising a new claim of reprisal for whistleblowing that she may bring before the Board, so long as she exhausted her administrative remedies before OSC by raising the claim in the OSC complaint from which she appealed in the instant case. *See Groseclose v. Department of the Navy*, 111 M.S.P.R. 194, ¶ 29 (2009) (finding that the appellant was not barred from raising claims that alleged that new personnel actions were taken in retaliation for allegedly protected disclosures raised in his prior IRA appeal); *Becker v. Department of Veterans Affairs*, 76 M.S.P.R. 292, 298 n.3 (1997) (observing that, when an appellant has filed multiple complaints with OSC, exhaustion may only be demonstrated through the complaint that led to the filing of the IRA appeal before the Board). Here, however, three of the alleged disclosures pertain to actions that OSC took and cannot be construed to be

protected disclosures on the appellant's part. 0223 IAF, Tab 1 at 26-27. Additionally, the appellant does not allege that her disclosure to OSC regarding her 2014 probationary termination was a contributing factor in any of her nonselections and appears to have included these facts regarding OSC solely as background information.[6] *Id.*

The administrative judge also detailed the appellant's allegation that she filed a report of contact and a grievance regarding an allegedly illegal search performed by agency police and concluded that she was precluded from raising these issues because they were raised in a prior OSC complaint. ID at 9. As set forth above, the appellant was not precluded from alleging that she made such a disclosure, or engaged in protected activity, if she had alleged that it was a contributing factor in the nonselections at issue and thus raised a new claim of reprisal for whistleblowing. However, there is no evidence that the appellant raised the issue of her July 2014 report of contact and grievance as a protected disclosure or activity in conjunction with either of the OSC complaints at issue in this matter; thus, she failed to exhaust administrative remedies with respect to this claim in the instant case. 0223 IAF, Tab 1 at 9-32, Tab 40 at 13-38; 0449 IAF, Tab 1 at 14-18; *see Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11.

> *The administrative judge correctly found that five alleged disclosures were not protected.*

As discussed by the administrative judge, the appellant's assertions that she was traumatized by the September 2010 death of a patient, that the agency omitted information from her in a January 2015 report, that Senator Ayotte's office staff communicated with her, and that the Manchester VAMC responded to Senator Ayotte, do not constitute protected disclosures or activity on the appellant's part. ID at 8-9. Additionally, the appellant's assertion that she

---

[6] Similarly, the appellant has not alleged that her disclosure to OSC constituted protected activity under 5 U.S.C. § 2302(b)(9)(C) that was a contributing factor in any of her nonselections. *See* 0223 IAF, Tab 1 at 26-27.

entered into a December 2010 settlement agreement does not constitute a protected disclosure, as discussed by the administrative judge, nor does it constitute protected activity, as the appellant sought to remedy a violation of Title VII in entering into the settlement agreement. 0223 IAF, Tab 1 at 25, Tab 17 at 15-16; ID at 8. Title VII-related claims are excluded from protections under the whistleblower protection statutes at issue in this case. *See Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 10-23, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023).

Regarding the remaining 15 allegedly protected disclosures, the administrative judge did not rule as to whether the disclosures were in fact protected. Rather, the administrative judge described the 15 alleged disclosures and found that, assuming that the disclosures were protected, the appellant did not show that the disclosures were a contributing factor in the 17 nonselections at issue. ID at 9-30. Because we find that the administrative judge correctly found that the appellant did not show that any of the allegedly protected disclosures were a contributing factor in the nonselections at issue, we need not determine whether the appellant showed by preponderant evidence that each alleged disclosure was protected.

<u>The administrative judge correctly found that the appellant failed to show that her remaining 15 allegedly protected disclosures were a contributing factor in the 17 nonselections at issue in this matter.</u>

The administrative judge correctly found that, assuming that the appellant's remaining 15 alleged disclosures were protected, she could not show that her disclosures were a contributing factor in her nonselections. ID at 12-30. A protected disclosure is a contributing factor if it in any way affects an agency's decision to take, or fail to take, a personnel action. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). One way to establish contributing factor is the knowledge/timing test. *Wadhwa v. Department of Veterans Affairs*, 110 M.S.P.R. 615, ¶ 12, *aff'd*, 353 F. App'x 435 (Fed. Cir. 2009). Under that

test, an appellant can prove the contributing factor element through evidence showing that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* An appellant also may satisfy the knowledge prong of the knowledge/timing test by proving that the official taking the action had constructive knowledge of the protected disclosure, even if the official lacked actual knowledge. *Nasuti v. Department of State*, 120 M.S.P.R. 588, ¶ 7 (2014). An appellant may establish constructive knowledge by showing that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Id.*; *see Staub v. Proctor Hospital*, 562 U.S. 411, 415-16 (2011) (adopting the term "cat's paw" to describe a case in which a particular management official, acting because of an improper animus, influences an agency official who is unaware of the improper animus when implementing a personnel action).

As discussed below, the appellant's challenges to the administrative judge's findings that her 15 alleged disclosures were not a contributing factor in 17 nonselections are without merit. The appellant does not dispute the administrative judge's findings that her alleged disclosures were not a contributing factor in her nonselection for vacancy announcement numbers 1176898, 1223829, 1293297, 1343574, and 1704268. She has not shown that the October 2014 NPSB or November 2014 probationary termination constituted retaliatory actions that were improperly considered in her nonselection for vacancy announcement numbers 1182148 and 1213402. She also fails to show that the Manchester VAMC director influenced the selection decision for vacancy announcement number 1307416. Next, the appellant's arguments that the Manchester VAMC Human Resources Officer (HRO) was aware of her alleged disclosures and improperly influenced the selection decision for vacancy announcement number 1588576 are without merit. She also fails to show that her

salary determination essay informed the selecting official for vacancy announcement numbers 1600422 and 1711692 of her alleged disclosures.

Further, the appellant has not shown that the selecting official for vacancy announcement number 1325763 became aware of her alleged disclosures through his involvement in an administrative investigation board (AIB) at Manchester VAMC or that her email correspondence with the selecting official for vacancy announcement numbers 1652067 and 1606485 informed the official of her alleged disclosures. Finally, the appellant's arguments that witnesses were not credible, such that her alleged disclosures should be considered a contributing factor in her nonselection for vacancy announcement numbers 1652067, 1221475, and 1338682, are unpersuasive. Accordingly, we affirm the administrative judge's finding that the appellant did not establish the contributing factor element of her IRA appeal.

> *The administrative judge properly concluded that the appellant did not show that her alleged disclosures were a contributing factor in her nonselection for vacancy announcement numbers 1176898, 1223829, 1293297, 1343574, 1704268, 1182148, and 1213402.*

On review, the appellant does not challenge the administrative judge's findings that she did not show that her alleged disclosures were a contributing factor in her nonselection for vacancy announcement numbers 1176898, 1223829, 1293297, 1343574, and 1704268. ID at 14-26. We discern no reason to disturb the administrative judge's well-reasoned findings with respect to these nonselections. *See Clay*, 123 M.S.P.R. 245, ¶ 6.

The appellant renews her argument that her first-level supervisor at Manchester VAMC called for an NPSB and provided records and testimony to the NPSB in retaliation for the appellant's prior equal employment opportunity (EEO) activity and disclosures. PFR File, Tab 1 at 5, 7, 15-16. As set forth above, the administrative judge properly found that the appellant is precluded from raising a claim that the NPSB, and her resulting probationary termination, constituted personnel actions taken in retaliation for her protected disclosures.

ID at 2 nn.1-2, 8. Accordingly, to the extent that the appellant argues that the NPSB itself was retaliatory and resulted in her nonselections for those positions advertised under vacancy announcement numbers 1182148, 1213402, and 1588576, the appellant has not demonstrated that the NPSB and termination constituted retaliatory actions and were thus improperly considered in the selecting officials' decisions not to select her for the positions. PFR File, Tab 1 at 5, 7, 15-16. The appellant does not otherwise challenge the administrative judge's findings that the selecting officials for the positions advertised under vacancy announcement numbers 1182148 and 1213402 did not have actual or constructive knowledge of the appellant's alleged disclosures, and that there was no other evidence that her disclosures were a contributing factor in these nonselections, thus we discern no reason to disturb the administrative judge's findings. ID at 27-29; *see Clay*, 123 M.S.P.R. 245, ¶ 6. We discuss the appellant's other arguments regarding vacancy announcement number 1588576 below.

> *The appellant has not shown that the Manchester VAMC director influenced the selection decision for vacancy announcement number 1307416.*

On review, the appellant argues that the administrative judge ignored evidence of the Manchester VAMC director's knowledge of her protected activity. PFR File, Tab 1 at 14-16. The appellant argues that "[i]t is reasonable to assume that" the Manchester VAMC director learned of the appellant's role in disclosing the circumstances surrounding the September 17, 2010 death of a veteran through her involvement in agency police's discovery of the appellant's past work location and prior last name. *Id.* at 11. The appellant also contends that the Manchester VAMC director's work at an agency facility in Bedford, Massachusetts, overseeing Togus VAMC, increased the likelihood that she was aware of the appellant's disclosure. *Id.* at 11-13. Finally, the appellant argues that the administrative judge ignored the fact that, on August 15, 2014,

she disclosed to the Manchester VAMC director that she was not trained to handle a suicidal veteran that came to her with no mental health care provider available.[7] *Id.* at 12, 14-15. Regardless of whether the Manchester VAMC director was aware of the appellant's alleged disclosures, there is no evidence that the director influenced any of the selection decisions at issue, as discussed below.

The appellant argues that the former associate director at White River Junction VAMC learned from the Manchester VAMC director of the appellant's prior EEO activity at Manchester VAMC and that the former White River Junction VAMC associate director then influenced the selecting official at White River Junction VAMC to not interview the appellant for the position available under vacancy announcement number 1307416. *Id.* at 8-9; *see* 0223 IAF, Tab 33 at 13-14. As set forth above, Title VII-related claims are excluded from protections under the whistleblower protection statutes, thus this allegation is not relevant to the issue of whether any of the appellant's alleged disclosures were a contributing factor in the nonselection. *See Edwards*, 2022 MSPB 9, ¶¶ 10-23. The record supports the administrative judge's finding that the selecting official for this vacancy did not speak with anyone regarding the appellant, including the former White River Junction VAMC associate director, and was unaware of the appellant's protected disclosures. 0223 IAF, Tab 76, Hearing Recording 1 (HR 1) (testimony of the selecting official for vacancy announcement number 1307416), ID at 19. Accordingly, the appellant has not shown that her protected disclosures were a contributing factor in her nonselection for this position.

---

[7] As discussed above, to the extent that the appellant alleges that her grievance regarding the agency police search and bullying incident was protected activity, the appellant failed to exhaust administrative remedies with OSC regarding the grievance. 0223 IAF, Tab 1 at 9-30, Tab 40 at 13-38. Similarly, there is no evidence that the appellant exhausted her administrative remedies before OSC, with respect to the August 15, 2014 alleged disclosure, in conjunction with the OSC complaints relevant to this case. 0223 IAF, Tab 1 at 9-30, Tab 40 at 13-38. Accordingly, we have considered these allegations only to the extent that the appellant contends that they show that the 15 alleged disclosures she exhausted before OSC were a contributing factor in the 17 nonselections.

*The appellant did not show that the Manchester VAMC Human Resources Officer was aware of her alleged disclosures and improperly influenced the selection decision for vacancy announcement number 1588576.*

The appellant argues that she was not selected for positions only because the Manchester VAMC HRO was aware of her protected disclosures and made "retaliatory and discriminatory referrals" to selecting officials. PFR File, Tab 1 at 5, 15. The administrative judge found that, following the issuance of a tentative offer to the appellant for the position advertised under vacancy announcement number 1588576, the Senior Human Resources Specialist for the Chief Business Office (SHRS) contacted the Manchester VAMC HRO for information regarding the appellant's employment at Manchester VAMC. ID at 20. The Manchester VAMC HRO read to the SHRS the NPSB's summary of its recommendations, and the SHRS wrote down the findings and relayed them to the selecting official and the Northeast Consolidated Patient Account Center (NECPAC) director. ID at 20-21. The selecting official then recommended that the appellant's tentative offer be rescinded, and the NECPAC director concurred; subsequently, the appellant's tentative offer was rescinded. ID at 21. The administrative judge observed that the Manchester VAMC HRO became aware of a congressional inquiry regarding the appellant but did not discuss any disclosures with anyone. ID at 20-21. She also found that the SHRS did not inform the selecting official or NECPAC director of any disclosures or otherwise influence their decision. ID at 21. Finally, she found that the agency advanced a legitimate reason for rescinding the offer. ID at 21-22.

We modify the administrative judge's analysis of whether the selecting official and the NECPAC director had constructive knowledge of the appellant's disclosures to clarify that the proper inquiry is whether an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Nasuti*, 120 M.S.P.R. 588, ¶ 7. Such influence does not require the individual to actually inform the official of the disclosure.

*See Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶¶ 20-21 (2014) (affirming the administrative judge's decision to impute knowledge of the appellant's disclosures to the proposing and deciding official in his removal where the appellant's supervisor learned of the appellant's disclosure and reported concerns about the quality of his performance to upper management a few days later). The issue here is whether the Manchester VAMC HRO was aware of the appellant's disclosures and improperly influenced the SHRS, who in turn influenced the selecting official and the NECPAC director.

It is undisputed that the Manchester VAMC HRO was aware that the NPSB convened and recommended terminating the appellant, but the record does not reflect that he was aware of any of the appellant's alleged disclosures as a result of his involvement with the NPSB. HR 1 (testimony of the Manchester VAMC HRO and the Manchester VAMC director). The Manchester VAMC HRO testified that he was aware of an inquiry from Senator Ayotte but could not remember what it was about and whether he became aware of it before or after he received two calls regarding the appellant from NECPAC. *Id.* (testimony of the Manchester VAMC HRO). The record reflects that the Manchester VAMC responded to Senator Ayotte's inquiry in February 2016, two months prior to the SHRS's April 2016 call to the Manchester VAMC HRO. 0223 IAF, Tab 34 at 14. The response referenced the Senator's inquiry into the appellant's termination and that the appellant was informed of her right to file a complaint if she believed the termination was based on discrimination because of race, color, religion, national origin, age, or disability. *Id.* The response also referred the Senator to the Manchester VAMC HRO for any further questions. *Id.* The record thus reflects that the Manchester VAMC HRO was aware of the Senator's inquiry on the appellant's behalf prior to the SHRS's call.

However, the record does not suggest that the Manchester VAMC HRO was aware that the appellant had made any protected disclosures to the Senator's office. The content of the inquiry the Senator sent to the agency is not in the

record, and the agency's response only references the appellant's termination and an allegation of discrimination, neither of which can be construed to constitute protected activity under the WPEA. Accordingly, the appellant did not show that the Manchester VAMC HRO was aware of her alleged disclosures, thus there is no basis upon which to conclude that the Manchester VAMC HRO improperly influenced the SHRS or the selecting official for the vacancy. The appellant does not argue that the selecting official or the NECPAC director had actual knowledge of the appellant's alleged disclosures, and, as discussed below, there is no evidence that the SHRS was aware of the disclosures. Accordingly, the appellant has not shown that her protected disclosures were a contributing factor in this nonselection.

> *The appellant did not show that her salary determination essay informed the selecting official for vacancy announcement numbers 1600422 and 1711692 of her alleged disclosures.*

The appellant argues that the selecting official for vacancy announcement numbers 1600422 and 1711692 was aware of her disclosures because she accessed the appellant's "9 dimensions" salary determination essay and thus rescinded the job offer for vacancy 1588576. PFR File, Tab 1 at 14. There is no evidence that the selecting official for vacancy announcement numbers 1600422 and 1711692 was involved in the selection for vacancy announcement number 1588576. To the extent that the appellant argues that the SHRS was aware of her protected disclosures because he reviewed the appellant's essay, we find her arguments unpersuasive. *See id.* at 13-14.

The administrative judge did not address the essay in her analysis of the SHRS's knowledge of the appellant's protected disclosures. The record reflects that, after the appellant received a tentative offer, the SHRS requested that the appellant explain her experience within each of the Dimensions of Nursing and return her explanation to him for provision to a nurse professional standards board to determine her starting salary. 0223 IAF, Tab 5 at 32-33. The SHRS

acknowledged that he most likely received the appellant's response but did not read it because it was to go to the board. 0223 IAF, Tab 54 at 19-27, Tab 92, Hearing Recording 3 (HR 3) (testimony of the SHRS). Even if the SHRS read the document, it is insufficient to notify him that the appellant had made protected disclosures. In the document, the appellant discusses the September 17, 2010 death of a veteran but describes her role as an "advocate for nurses working w[ith] staffing shortages, attempting to follow organizational policy and procedures for documentation, and attempting to instill a moral compass in a vast healthcare setting." 0223 IAF, Tab 54 at 21. Additionally, the appellant describes an August 12, 2014 incident with a suicidal veteran. *Id.* Nothing in the description of these incidents suggests that the appellant disclosed wrongdoing about the veteran's death.

> *The appellant did not show that the selecting official for vacancy announcement number 1325763 learned of her alleged disclosures because of his involvement in an administrative investigation board at Manchester VAMC.*

The appellant also argues that the selecting official for vacancy announcement number 1325763 was aware of her prior EEO and whistleblower activities through the AIB that he conducted at the Manchester VAMC director's request. PFR File, Tab 1 at 14-15. She alleges that, despite this knowledge, the selecting official invited her to interview for a position but did not select her for the position. *Id.* The administrative judge found that the appellant applied for, and was interviewed for, an RN (Care Manager) position in the Fitchburg Outpatient Clinic, advertised under vacancy announcement number 1325763, but was not selected for the position. ID at 17-18. One of the three selection panel members also served as one of two fact-finders tasked with conducting a January 2015 AIB at Manchester VAMC regarding incidents involving the appellant's former first-level supervisor at Manchester VAMC. HR 1 (testimony of the panelist for vacancy announcement number 1325763). Although the appellant contended that she requested to be interviewed for the AIB,

the administrative judge found credible the panelist's testimony that he was given a list of employees who wanted to be interviewed, and that he was unaware that the appellant was one of her former first-level supervisor's subordinates, particularly because the appellant had been terminated prior to the initiation of the investigation. ID at 18-19. She also found his testimony credible that he was unaware of the appellant's history at Manchester VAMC. ID at 19. On review, the appellant does not identify any specific error in the administrative judge's findings, and we discern no reason to disturb them.

> *The appellant has not shown that her email correspondence with the selecting official for vacancy announcement numbers 1652067 and 1606485 informed the selecting official of her alleged disclosures.*

Next, the appellant argues that, after she sent the Nurse Manager of Recruitment and Staffing at Lebanon VAMC a statement reflecting her protected activity, she was not selected for the position advertised under vacancy announcement number 1652067. PFR File, Tab 1 at 15. The administrative judge found that neither management official on the selection panel was aware of the appellant's alleged disclosures. ID at 22-23. However, in her analysis for this vacancy, the administrative judge did not address that the appellant had sent the Nurse Manager of Recruitment and Staffing a March 31, 2016 email that the appellant alleged contained protected disclosures, and that she was notified that she was not selected for the position on April 27, 2016.[8] 0223 IAF, Tab 5 at 39-40, Tab 54 at 30-31.

In her March 31, 2016 email, the appellant stated that she "[w]as bullied by co-workers and attacked by a co-worker for [her] race," and in retaliation for reporting the racially motivated bullying or attack to the police and Manchester VAMC officials, her supervisor brought her before an NPSB, and the agency terminated her due to false information placed in her file by the

---

[8] The administrative judge did address this email with respect to another vacancy, however, and concluded that the email did not reference the appellant's whistleblowing activities. ID at 23-24.

individuals who bullied her. 0223 IAF, Tab 54 at 30-31. The appellant's allegations fall squarely within the confines of Title VII and are excluded from whistleblower protection statutes.[9] *See Edwards*, 2022 MSPB 9, ¶¶ 10-23. Accordingly, we find that the appellant's March 31, 2016 email does not constitute a protected disclosure, and thus, we agree with the administrative judge that the Nurse Manager of Recruitment and Staffing was not aware of the appellant's protected disclosures, nor was she influenced by anyone with actual knowledge of the disclosures. ID at 22-23. With respect to vacancy announcement number 1606485, we agree with the administrative judge that the appellant sent the March 31, 2016 email to the Nurse Manager of Recruitment and Staffing after she was notified of her nonselection on March 18, 2016, thus it could not have been a contributing factor in her nonselection. ID at 23-24; *Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 8 (2015) (stating that a disclosure that occurs after the personnel action at issue was taken cannot be considered a contributing factor in that personnel action).

> *The appellant's arguments regarding witnesses' lack of credibility do not warrant finding that her alleged disclosures were a contributing factor in the selection decisions for vacancy announcement numbers 1652067, 1221475, and 1338682.*

The appellant argues that the testimony of several witnesses was not credible. First, the appellant argues that all of the selecting officials who testified during the hearing regarding positions to which the appellant applied in Pennsylvania testified that the appellant was not qualified, and that their testimony is not credible because they identified the appellant by her actual name, rather than the name she used to apply for the positions to protect her identity. PFR File, Tab 1 at 4-5. Of the 10 positions located in Pennsylvania for which the

---

[9] To the extent that the appellant alleges that she disclosed in her March 31, 2016 email that she was bullied by coworkers for reasons other than her race, the email contains no details or specifics regarding the bullying. 0223 IAF, Tab 54 at 30-31. An allegation of bullying, without more information, is too vague to constitute a protected disclosure. *See Gabel v. Department of Veterans Affairs*, 2023 MSPB 4, ¶ 6 (stating that disclosures must be specific and detailed, not vague allegations of wrongdoing).

appellant applied, the selecting officials for 5 positions, advertised under vacancy announcement numbers 1305865, 1600422, 1606485, 1652067, and 1711692, testified. HR 1 (testimony of the Nurse Manager, Behavioral Health Unit, Lebanon VAMC), HR 3 (testimony of the selecting officials for vacancy announcement numbers 1305865, 1600422, 1606485, and 1711692, and the Nurse Manager, Recruitment and Staffing, Lebanon VAMC).[10] Of those selecting officials, only the Nurse Manager of the Behavioral Health Unit at Lebanon VAMC, one of the interview panelists for vacancy announcement number 1652067, testified that she knew the appellant by her actual name. HR 1 (testimony of the Nurse Manager, Behavioral Health Unit, Lebanon VAMC). The appellant did not question the witness further on this issue but generally noted it in her closing argument. *Id.* (testimony of the Nurse Manager, Behavioral Health Unit, Lebanon VAMC), HR 3 (the appellant's closing argument). The administrative judge nevertheless found this witness' testimony credible. ID at 22-23.

The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Although the Board may decline to defer to an administrative judge's credibility findings that are abbreviated, based on improper considerations, or unsupported by the record, *Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 13 (2001), it may not overturn an administrative judge's demeanor-based credibility findings merely because it disagrees with those findings, *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372 (Fed. Cir. 2016) (quoting *Haebe*, 288 F.3d at 1299). Although the administrative judge did not mention considering this issue in assessing the witness' credibility, her failure to mention all of the evidence of

---

[10] The administrative judge found that the interview panelists for vacancy announcement number 1652067 each recalled that the other was the designated selecting official. ID at 22-23.

record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). This issue is not one that warrants overturning the administrative judge's well-reasoned finding that this particular selecting official was credible.

The appellant also argues that the selecting official for vacancy announcement number 1221475 testified that the appellant did not have primary care experience and that this testimony is false. PFR File, Tab 1 at 7. However, the administrative judge found that the selecting official testified that she was not aware of the appellant's whistleblowing activity, did not recognize the names of agency employees aware of the activity, and was not contacted by anyone regarding the appellant's application for the position, and that the appellant did not refute this testimony. HR 1 (testimony of the selecting official for vacancy announcement number 1221475); ID at 15. The appellant does not dispute these findings on review. The record reflects that the administrative judge properly concluded that the selecting official for this position did not have actual or constructive knowledge of the appellant's alleged disclosures, thus the appellant did not show that her disclosures were a contributing factor in her nonselection for the position. ID at 15.

The appellant further argues that the Human Resources Specialist who testified regarding the selection process for vacancy announcement number 1338682 is not credible because, contrary to her testimony, Article 23 of the Master Agreement "says nothing about referring the internal candidates to the selecting official first" and that her testimony that the appellant was not referred because she was an external candidate must be disregarded. PFR File, Tab 1 at 6. The administrative judge found that the Master Labor Agreement in effect for the relevant facility provided that the agency was required to first consider internal candidates for vacant RN positions, and we agree. ID at 16. Article 23, Section 8(B) of the Master Labor Agreement between the agency and its

exclusive bargaining representative provides that, "Prior to considering candidates from outside the bargaining unit, the Department agrees to first consider internal candidates for selection." 0223 IAF, Tab 79 at 18. The appellant's argument is without merit.

Next, the appellant argues that the testimony of one of the selecting officials at Lebanon VAMC that the appellant did not have enough mental health experience is false because the appellant worked in the Mental Healthcare unit in Manchester VAMC. PFR File, Tab 1 at 7. The appellant does not identify which selecting official so testified or cite to the record in support of her argument. *Id.* We find this argument too vague to warrant reversal of the initial decision.

Finally, the appellant argues that she was better qualified than all of the selectees for the vacancies at issue and that her probationary termination did not disqualify her from being interviewed and hired. *Id.* at 5-6. Given the administrative judge's well-reasoned findings that the selecting officials for the positions at issue were not aware of her alleged disclosures and credibly testified to legitimate reasons for their decisions not to select her, her arguments are unpersuasive.

<u>The appellant has not shown that the administrative judge erred in denying her motion to compel the production of certain documents or in denying her request for certain witnesses to testify.</u>

On review, the appellant argues that the administrative judge erred in denying her motion to compel the agency to produce requested documents. PFR File, Tab 1 at 4. An administrative judge has broad discretion in ruling on discovery matters and, absent a showing of an abuse of discretion, the Board will not find reversible error in such rulings. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 16 (2016). Here, the appellant appears to be referring to the administrative judge's denial of her motion to compel the agency to identify the location of documents responsive to her requests for the production of documents in the agency file. 0223 IAF, Tab 21 at 3, Tab 23. In denying the appellant's

motion to compel, the administrative judge noted that the agency had organized the agency file by each nonselection at issue and that the appellant had not cited a regulation requiring the agency to respond to her requests in the manner she desired. 0223 IAF, Tab 23. On review, the appellant has not articulated a basis for her continued assertion that the administrative judge erred in denying her motion to compel, and the record does not reflect that the administrative judge's ruling constituted an abuse of discretion; thus, we decline to reverse it.

The appellant also argues that the administrative judge erred in denying her requests to call the initial selecting official for vacancy announcement number 1588576 as a rebuttal witness. 0223 IAF, Tab 85; PFR File, Tab 1 at 9. An administrative judge has wide discretion to exclude witnesses where it has not been shown that their testimony would be relevant, material, and nonrepetitious. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 42 (2014). The appellant asserts that the Manchester VAMC HRO read to the initial selecting official the NPSB's recommendation and that the initial selecting official then rescinded the tentative offer made to the appellant for the position advertised under vacancy announcement number 1588576. PFR File, Tab 1 at 9. However, the administrative judge found that the Manchester VAMC HRO read the NPSB's recommendation to SHRS, not to the initial selecting official. ID at 20-21. The administrative judge also found that the initial selecting official made the original selection that resulted in a tentative offer to the appellant, but that she changed jobs, and her replacement subsequently learned of the NPSB's recommendation from the SHRS and recommended rescinding the appellant's offer. *Id.* The record, which includes testimony from the SHRS on the subject, is consistent with the administrative judge's findings. 0223 IAF, Tab 9 at 61-63, HR 1 (testimony of the NECPAC director and the Manchester VAMC HRO), HR 3 (testimony of the SHRS). The appellant does not point to any evidence that contradicts the administrative judge's findings or identify how the initial selecting official's testimony would have been relevant to the nonselection.

Thus, we find no abuse of discretion in the administrative judge's ruling. *See Fox*, 120 M.S.P.R. 529, ¶ 42.

Finally, the appellant argues that the administrative judge erred in denying the appellant's request to call the selecting official for vacancy announcement numbers 1600422 and 1711692 in her case-in-chief and only allowing her to testify on rebuttal. 0223 IAF, Tab 61 at 4, Tab 85 at 1; PFR File, Tab 1 at 14. She contends that this selecting official was aware of her disclosure of the September 2010 death of a veteran and, with advice from the Manchester VAMC director and the SHRS, rescinded the appellant's offer for the position advertised under vacancy announcement number 1588576. PFR File, Tab 1 at 14. The record does not reflect that this selecting official was involved with vacancy announcement number 1588576; moreover, this selecting official testified that she did not speak with anyone at NECPAC or Manchester VAMC regarding the appellant, nor was she aware that the appellant had been terminated from Manchester VAMC. HR 3 (testimony of the selecting official for vacancy announcement numbers 1600422 and 1711692); ID at 24-25. The appellant does not explain what additional testimony this selecting official would have provided in her case-in-chief rather than on rebuttal. Our review of the record reflects no abuse of discretion in the administrative judge's ruling limiting this selecting official's testimony to rebuttal.

Accordingly, we affirm the administrative judge's conclusion that the appellant failed to prove that her alleged disclosures were a contributing factor in her nonselections and affirm the initial decision denying her request for corrective action as modified herein. We vacate the administrative judge's dismissal of the request for corrective action, as dismissal is inappropriate where the appeal is denied on the merits. *See* ID at 30.

## NOTICE OF APPEAL RIGHTS[11]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[12] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[12] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  *Gina K. Grippando*
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.